UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARTIN HODGE,

        Plaintiff,

     -against-

DR. WLADYSLAW SIDOROWICZ,
MR. LYNN LILLEY, MS. SHARON LILLEY,
MS. HOLLY MILLER, G. EGGLER,
MR. BRUCE GROUND, MS. SERGEANT,
MS. M. LINSLY, MR. H. MOORE,
and John/Jane Doe Nurse,

        Defendants.
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 6, 2012

10 Civ. 428 (PAC) (MHD)
OPINION & ORDER
ADOPTING REPORT AND
RECOMMENDATION

HONORABLE PAUL A. CROTTY, United States District Judge:

    Pro se plaintiff, Martin Hodge ("Hodge"), is serving a sentence of twenty-five years to life at the Sullivan Correctional Facility ("Sullivan") in the New York State correctional system. Since his incarceration began in 1986, he has filed multiple § 1983 actions against the Department of Corrections ("DOC") concerning his medical treatment by prison staff and other circumstances of his confinement. In November 2009, Hodge commenced this action under 42 U.S.C. § 1983, again asserting Eighth Amendment violations and possibly violations of the Americans with Disabilities Act and Rehabilitation Act, after defendants allegedly failed to provide him with satisfactory medical treatment, adequate heating, and hot water in the Facility. Defendants include DOC administrators, as well as doctors and nurses whom Hodge alleges treated him.

    On February 1, 2010 the Court referred this case to Magistrate Judge Michael Dolinger for general pretrial matters and dispositive motions. After discovery, Defendants moved to dismiss the complaint, and on November 2, 2010, Magistrate Judge Dolinger issued a Report and

1

Recommendation ("R&R") advising that the Court dismiss Hodge's complaint and grant him leave to amend in order to name additional defendants. The Court adopted that R&R on March 24, 2011 and dismissed the complaint; but allowed Hodge to re-plead certain claims. See Hodge v. Sidorowicz, et al., No. 10 Civ. 428(PAC)(MHD), 2011 WL 1226280 (S.D.N.Y. Mar. 24, 2011) (the "March 24, 2011 Order").

In December 2010, while a decision on Defendants' motion to dismiss the complaint was pending, Hodge filed a motion for injunctive relief compelling eye surgery. On April 20, 2011, he filed an Amended Complaint which largely reiterated his original allegations. Hodge has served his newest pleading on only Dr. Wladyslaw Sidorowicz and Deputy Superintendent Lynn Lilly, however.

On June 15, 2011, Dr. Sidorowicz and Deputy Superintendent Lilly moved to dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. On December 20, 2011, Magistrate Judge Dolinger issued an R&R recommending that the Court dismiss all claims in the Amended Complaint with prejudice. On December 29, 2011, Hodge timely filed 42 pages of objections to the R&R, and Defendants filed a response to his objections on January 12, 2012. For the reasons set forth below, the Court adopts the R&R in full and grants Defendants' motion to dismiss the Amended Complaint.

## BACKGROUND[1]

The Court assumes the parties' familiarity with the background facts, procedural history, and allegations as stated in its March 24, 2011 Order. In his Amended Complaint, Hodge now names ten defendants, including Dr. Sidorowicz, Deputy Superintendent Lynn Lilley, four members of the nursing staff, and a John/Jane Doe defendant. The Amended Complaint reasserts Hodge's claims against Dr. Sidorowicz for denial of adequate medical care beginning in

---

[1] Facts are taken from the December 20, 2011 R&R unless otherwise noted.

2006 (e.g., delay in post-surgical follow-up visits to an eye surgeon and denial of various medications). Hodge also reiterates his allegation that nursing staff falsified entries in his medical records to state that he had received certain medications and that medications were disappearing from the prison clinic. He alleges that Defendants failed to remedy the situation despite his complaints. Hodge also contends that Dr. Sidorowicz requested that prison staff search Hodge's cell to look for outdated medications, and that as a result of this search, Hodge was charged with violating prison rules. In addition to alleging general complaints about the adequacy of the prison grievance system, Hodge realleges that Deputy Superintendents Lilley and Moore have failed to maintain adequate heating in the Facility as required by DOC regulations, and that his complaints have been ignored.

In their motion to dismiss, Defendants contended that the Amended Complaint did not allege their personal involvement in any constitutional torts; that Deputy Superintendent Lilley was protected by a qualified immunity defense; and that the heating and hot water claims fail to state a cognizable claim.

    A.  Magistrate Judge Dolinger's R&R

    1.  Motion for Preliminary Injunction

Magistrate Judge Dolinger first addressed Hodge's preliminary injunction to compel Dr. Sidorowicz to arrange for a corneal re-graft or transplant and to approve treatment for glaucoma. A party seeking a preliminary injunction must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-406 (2d Cir. 2011). Magistrate Judge Dolinger found that Hodge failed both prongs of the test. Since

Hodge had already undergone multiple failed corneal surgeries and the last outside consult recommended against the procedure, Hodge failed to show irreparable harm.  Magistrate Judge Dolinger also found that Hodge was not likely to succeed on the merits of his deliberate indifference claim, as Hodge was receiving treatment throughout his incarceration. Magistrate Judge Dolinger thus recommended that the motion for injunctive relief be denied.

    2.  Motion to Amend

Magistrate Judge Dolinger also recommended that the Court deny Hodge any further leave to amend his complaint, since amendment would be futile.  Although courts should "freely give" leave to amend "when justice so requires," Fed.R.Civ.P. 15(a), "[l]eave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim."  AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010).  Magistrate Judge Dolinger found that Hodge's proposed amendment would be futile as the plaintiff already had an opportunity to amend his complaint and simply restated the allegations made in his original complaint.  Any new material in the Amended Complaint "updates plaintiff's interaction with DOCs medical personnel and plaintiff's filing of grievances."  (R&R at 33.)  Magistrate Judge Dolinger concluded that none of the allegations in the Amended Complaint stated claims under the Eighth Amendment, ADA or Rehabilitation Act as they would be dismissed under Rule 12(b)(6). Therefore, the Magistrate Judge recommended that the motion to amend the complaint be denied.

    3.  Defendants' Motion to Dismiss

Magistrate Judge Dolinger recommended that the Court grant Defendants' motion and dismiss Hodge's Amended Complaint in its entirety.  First, Magistrate Judge Dolinger found that to the extent Hodge asserts claims that were dismissed with prejudice in the Court's March 24,

2011 Order, such claims are barred. Magistrate Judge Dolinger also found that Hodge's claims against Sidorowicz and Lilley for denial of medications were based on supervisory liability. Supervisory liability is premised on some form of personal involvement by the defendant in the alleged misconduct. Scott v. Fischer, 616 F.3d 100, 110 (2d Cir. 2010). Magistrate Judge Dolinger concluded that Hodge failed to plead either deliberate indifference or personal liability on the part of Defendants. Although Hodge sent a letter to Nurse Supervisor Lilley, copying Dr. Sidorowicz, in which he disagreed with a decision to reduce his daily dose of glaucoma medication, Magistrate Judge Dolinger found that the letter reflected a professional judgment by the doctor in charge of Hodge's care and did not create supervisory liability. Magistrate Judge Dolinger also concluded that Hodge failed to allege supervisory liability on the part of Superintendent Lilley, as documents attached to the Amended Complaint indicated that Lilley investigated Hodge's grievances and performed spot checks to ensure that he received his medicine.

Finally, Magistrate Judge Dolinger addressed Hodge's remaining claims concerning inadequate heating and hot water at Sullivan. Magistrate Judge Dolinger construed these allegations as a claim for a constitutional violation based on conditions of confinement. To establish such a claim, a plaintiff must prove that a prison official was deliberately indifferent to a substantial risk to an inmate's health or safety. Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002). The risk must objectively be "sufficiently serious" and the prison official must have a "sufficiently culpable state of mind." Id.

Magistrate Judge Dolinger concluded that Hodge "failed to allege facts from which a trier of fact could find that defendants exposed him to conditions that posed a substantial threat to his health or deprived him of the ability to satisfy his basic human needs." (R&R at 50.) Although

5

Hodge asserted that the heating system failed to maintain an air temperature of at least 68 degrees Fahrenheit, as required by DOC regulations, Magistrate Judge Dolinger concluded that a violation of state regulations, standing alone, does not violate the Eighth Amendment. (R&R at 51 (citing Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995).) Moreover, Magistrate Judge Dolinger found that documents attached to the Amended Complaint show that Hodge objects to "short-term dips" in the temperature of his prison cell. (R&R at 52.) These grievances do not rise to the level of a constitutional violation. (Id. (citing Trammell v. Keane, 338 F.3d 155, 164-65 (2d Cir. 2003).) As to Hodge's claims concerning the lack of hot water, Magistrate Judge Dolinger noted that the documents attached to the Amended Complaint contradict Hodge's allegations. The documents show that Deputy Superintendent Moore increased the heat in the water system in response to Hodge's complaints, and that the water temperature was "good." (R&R at 57.) Thus, Hodge's allegations regarding the water temperature did not suggest that this temporary condition posed a threat to his health or safety or denied him a "basic human need." (Id. at 58.) Magistrate Judge Dolinger, therefore, recommended that the Court grant Defendants' motion and dismiss the Amended Complaint in its entirety.

## DISCUSSION

A. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues de novo. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998). The Court may, however, "adopt those portions of the Report [and Recommendation] to which

no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y 2000).

    B.  Objections to Magistrate Judge Dolinger's R&R

Hodge filed 42 pages of objections to Magistrate Judge Dolinger's R&R. The objections merely repeat the arguments that Magistrate Judge Dolinger considered and rejected. The Court has reviewed Hodge's objections to the R&R and finds them to lack merit. The Court therefore adopts Magistrate Judge Dolinger's R&R in its entirety.

    1.  Deliberate Indifference

Hodge objects to Magistrate Judge Dolinger's recommendation that the Court dismiss his deliberate indifference claims. (Pl. Obj. at 5.) He argues in part that Magistrate Judge Dolinger disregarded his allegations that defendants are denying him necessary medical treatment ordered by outside specialists. (Id. at 7.) He contends that Magistrate Judge Dolinger erred in stating that Hodge "has been exhaustively seen and treated both by DOCS physicians and by outside specialists for all his eye problems." (Id. at 6.) This objection is without merit.

To state an Eighth Amendment claim based on inadequate medical care, an inmate plaintiff must show that the defendant displayed deliberate indifference to a serious medical condition. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The plaintiff must establish that his condition is sufficiently serious and that failure to render care was done with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Hodge fails to allege that prison officials demonstrated deliberate indifference to his condition. He received pain medication and an additional mattress for his back, and underwent numerous failed surgeries for his eyes. As Magistrate Judge Dolinger observed, Dr. Eden, an independent corneal consultant, examined Hodge in March, 2010 and concluded that he was a

7

poor candidate for surgery due to Hodge's history of herpes and prior failed surgeries. (R&R at 22.) DOCS medical staff agreed with Dr. Eden's assessment. (Id.) Hodge has no medical training, and his disagreement with medical professionals' chosen course of treatment "does not demonstrate, or even suggest, any deliberate indifference by anyone on the DOCS medical staff" sufficient to support an Eighth Amendment claim. (R&R at 27.) See, e.g., Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (disagreement with a course of treatment is insufficient to state an Eighth Amendment claim for deliberate indifference). There is no evidence in the record to suggest collusion between Dr. Sidorowicz and Dr. Eden or any other treating physician. Hodge's objection is therefore meritless.

    2. Medication Claims

Hodge objects to Magistrate Judge Dolinger's recommendation that the Court dismiss his Eighth Amendment claims relating to defendants' alleged failure to provide him medication. (Pl. Obj. at 23.) This objection merely recites the allegations in his Amended Complaint, and the Court therefore need review this portion of the R&R only for clear error. See, e.g., Pinkney v. Progressive Home Health Servs., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (reviewing R&R "strictly for clear error" where the party "makes only conclusory or general objections, or simply restates the original arguments"). Magistrate Judge Dolinger found that Hodge was not deprived of medication; rather, prison medical staff determined that the dose of his glaucoma eye drops should be reduced. (R&R at 45.) Furthermore, Magistrate Judge Dolinger found that Hodge failed to plead any basis for supervisory liability. Having found no clear error in Magistrate Judge Dolinger's analysis, the Court adopts his recommendation on this issue.

3. Heating Claim

Hodge objects to Magistrate Judge Dolinger's recommendation that the Court dismiss his claims regarding inadequate heating in the prison. He argues that the air and water temperature were below the New York State requirements. (Pl. Obj. at 25.) This objection again repeats his underlying allegations, and the Court need only review the R&R for clear error. See Pinkney, 2008 WL 2811816, at *1.

To state an Eighth Amendment claim for conditions of confinement, an inmate must allege that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate. Helling v. McKinney, 509 U.S. 25, 35-36 (1993). Magistrate Judge Dolinger concluded that Hodge failed to allege that the heating conditions were so serious as to trigger constitutional protection. After reviewing the record, Magistrate Judge Dolinger concluded that Hodge was, at most, exposed to short term chilliness and discomfort rather than a serious threat to his health. This finding was not clearly erroneous.

4. Grievance Process

Hodge claims that the grievance process in place at the prison facility restricted his access to the courts. Although Hodge styles this as an objection, Hodge does not object to any specific finding in the R&R, as required by Fed.R.Civ.P. 72(b). The objection merely repeats his underlying allegations that his grievances were not properly filed and that prison officials retaliated against him for filing grievances. Moreover, to the extent Hodge argues that the grievance process interfered with his access to the courts, this objection is without merit; the numerous actions Hodge has filed in this court demonstrate that Defendants have not restricted his access to the courts.

5.  ADA and Rehabilitation Act Claims

Hodge further contends that Magistrate Judge Dolinger wrongly dismissed his ADA and Rehabilitation Act claims alleging that Defendants failed to provide special accommodation for his vision difficulties.  (Pl. Obj. at 15, 28.)  Hodge's objection is again conclusory, as he merely reiterates extensive passages from his Amended Complaint.  (Id. at 29-32.)  Hodge also maintains that Deputy Superintendent Malin and Deputy Commissioner Buther were personally responsible for denying him these accommodations, and that Magistrate Judge Dolinger erred in finding that Hodge "failed to specify their participation in denying him any accommodation."[2]  (Id. at 28 (quoting R&R at 37 n.12).)

Under section 504 of the Rehabilitation Act, a reasonable accommodations claim rests on whether those with disabilities are able to gain "meaningful access to the benefit that the grantee offers."  Alexander v. Choate, 469 U.S. 287, 301 (1985).  A qualified individual with a disability must be given equal access to "any aid, benefit or service" that would afford the individual an equal opportunity to gain the same benefit as nondisabled individuals.  Henrietta D. v. Bloomberg, 331 F.3d 261, 274 (2d Cir. 2003); *see also* 28 C.F.R. § 35.130(b)(1) (2002).  Magistrate Judge Dolinger recommended that Hodge's ADA claims be dismissed, as the record indicates that Hodge received "a variety of accommodations for his visions difficulties."  (R&R at 36.)  Specifically, medical records included with Hodge's original complaint show that in 2009, he received "magnifiers and sunglasses, as well as sport eye protection, large print materials, a cassette player with a headphone, a lamp and a 'PIT TV.'"  (R&R at 36.)  This Court agrees with the R&R and finds Hodge's objection is without merit.[3]

---

[2] Hodge has not named or served these two proposed defendants.

[3] To the extent that Hodge now argues he has not received meaningful access to computers in the inmate law library, (Pl. Obj. at 37, 41), this objection is similarly without merit, as Hodge has had no apparent difficulty in drafting numerous submissions to this Court.

6. Recusal for Personal Bias or Prejudice

Hodge contends that this Court and Magistrate Judge Dolinger have shown continued bias against him during the course of this case. (Pl. Obj. at 3.) On December 14, 2011, Hodge filed a motion, pursuant to 28 U.S.C. § 144, requesting that the Court reassign his case to another magistrate and district judge. To the extent that Hodge's objection seeks a ruling on his § 144 motion, the motion is denied.

Section 144 allows a party to request the recusal of a presiding judge for "personal bias or prejudice." 28 U.S.C. § 144. The motion must be submitted "as soon as practical after learning of the facts." Utsey v. American Bible Soc., No. 02 Civ. 3995, 2004 WL 551201, at *1 (S.D.N.Y. Mar. 22, 2004). In addition, the alleged bias or prejudice must stem from an "extrajudicial source," and not the judge's rulings in the case. Liteky v. United States, 510 U.S. 540, 555 (1994). As a procedural matter, Hodge's motion is untimely, as the gravamen of his motion concerns this Court's rulings in the March 24, 2011 Order issued nearly nine months before he complained of any bias. Moreover, Hodge does not argue that this Court or Magistrate Judge Dolinger displayed any extrajudicial bias; rather, he simply disagrees with the Court's rulings in the March 24, 2011 Order. Such allegations do not provide a basis for recusal. See Liteky, 510 U.S. at 555. Accordingly, Hodge's motion pursuant to 28 U.S.C. § 144 is denied.

## **CONCLUSION**

For the foregoing reasons, the Court accepts and adopts the Report and Recommendation as its opinion. Defendants' motion to dismiss is granted and Hodge's claims are dismissed with prejudice. Hodge's motion for leave to amend is denied as moot. Hodge's motion pursuant to 28 U.S.C. § 144 is also denied. Pursuant to 28 U.S.C. § 1915(a), any appeal from this order

would not be taken in good faith. The Clerk of Court is directed to enter judgment and terminate this case.

Dated: New York, New York
 March 5, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Martin Hodge
(#86-A-8851)
Sullivan Correctional
325 River Side Dr.
P.O. Box 116
Fallsburg, NY 12733

Thomas M. Biesty, Esq.
Assistant Attorney General
New York State Attorney General's Office
120 Broadway (24th Floor)
New York, New York 10271